NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALFREDO CISNEROS-ORELLANA,<br><br>            Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.    19-71339<br><br>Agency No. A208-553-006<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Jorge Alfredo Cisneros-Orellana, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Cisneros-Orellana failed to establish the harm he experienced or fears was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Cisneros-Orellana's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Cisneros-Orellana failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Cisneros-Orellana's contentions that the agency ignored evidence or

otherwise violated his due process rights fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Cisneros-Orellana's motion for stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED.**